UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GUSTAVO LOPEZ,

Plaintiff,

v.

MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. CV 06-8165-PJW

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI") benefits for the closed period between October 9, 1997 and February 12, 2001. Because the Agency's decision that Plaintiff was not disabled is not supported by substantial evidence, the decision is reversed and the case is remanded for further proceedings.

Plaintiff applied for SSI benefits on October 9, 1997. (AR 160-62.) The application was denied initially and on reconsideration. (AR 72-75, 78-81.) He then requested and was granted a hearing. After a hearing on October 30, 1998, an Administrative Law Judge ("ALJ") issued a decision dated January 26, 1999, finding that

Plaintiff could perform the full range of light work and, therefore, he was not disabled. (AR 42-50.) Plaintiff appealed and, on March 5, 2001, the Appeals Council remanded, directing the ALJ to consider whether Plaintiff was restricted in the use of his left shoulder and whether he had a mental impairment. (AR 101-04.)

After a new hearing on February 19, 2002, a different ALJ issued a decision on July 2, 2002, in which he found that Plaintiff could perform light work with some additional exertional and non-exertional limitations and that, pursuant to the testimony of a vocational expert, a significant number of jobs existed in the economy that he could perform. (AR 54-66.) Plaintiff appealed and the Appeals Council reversed again, finding that Plaintiff became disabled as of February 13, 2001. The Council directed the ALJ to determine whether benefits were payable after that date. (AR 122.) In addition, it instructed the ALJ to reevaluate the opinions of Plaintiff's treating physician (Dr. Serna) and examining psychiatrist (Dr. Edelman) and reconsider Plaintiff's credibility. (AR 122.) The ALJ was also instructed to obtain testimony from a vocational expert to determine whether Plaintiff was disabled from October 9, 1997 to February 12, 2001. (AR 123.)

After two further hearings on August 17, 2004 and January 4, 2005, a third ALJ issued a decision on April 26, 2005, in which she found that Plaintiff was capable of performing medium work with some postural and mental limitations and, therefore, was not disabled between October 9, 1997 and February 12, 2001. (AR 20-32.) Plaintiff appealed the ALJ's decision, which appeal was denied. (AR 9-11.) Plaintiff then commenced this action.

Plaintiff first contends that the ALJ erred when she failed to articulate specific and legitimate reasons for rejecting the opinion of his treating physician, Dr. Rafael Serna. (Joint Stipulation at 4-6.) Plaintiff argues that the ALJ rejected Dr. Serna's opinion after summarily concluding that it was not supported by objective findings, without explaining why. (Joint Stipulation at 5.) This claim is without merit.

"By rule, the Social Security Administration favors the opinion of a treating physician over non-treating physicians." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); *see also Aukland v. Massanari*, 257 F.3d 1033, 1037 (9th Cir. 2001). Where the treating physician's opinion is contradicted by other medical evidence in the record, it is entitled to deference unless there are specific and legitimate reasons, supported by substantial evidence in the record, for rejecting it. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

In a "Medical Evaluation Form" completed on January 7, 1997, Dr. Serna stated that Plaintiff had experienced low back pain, bilateral shoulder pain, and neck pain ever since he was injured in a motor vehicle accident in February 1995. (AR 225.) Dr. Serna opined that Plaintiff's condition would completely preclude him from climbing, balancing, stooping, kneeling, crouching, and crawling; limit his use of his upper extremities for pushing, pulling, lifting, or reaching; and render him unable to sit, stand, or ambulate for two hours or more in an eight-hour workday. (AR 225-27.) Dr. Serna also opined that Plaintiff could lift no more than ten pounds occasionally (and perform no frequent lifting at all) because of his back strain and shoulder pain. (AR 226.)

In her decision, the ALJ noted that Dr. Serna's opinion was contradicted by other medical evidence in the record. She relied on the testimony of Dr. Michael Gurvey, an orthopedic specialist who testified as a medical expert at the January 2005 hearing, to find that Plaintiff would not have the functional limitations assessed by Dr. Serna.[1] (AR 26-27.) At the January 2005 hearing, Dr. Gurvey testified that an X-ray dated March 5, 1997 "showed some decreased [sic] at the inner vertebral space between L2 and L3. Subsequent x-rays of the low back were insignificant. They showed some minor degenerative changes ...." (AR 556, referring to AR 328, 410, 429.) He further testified that an MRI dated November 13, 1995 showed a two-millimeter protrusion, which, to him, was an insignificant finding. (AR 556-57, referring to AR 220-21.) Dr. Gurvey concluded that Plaintiff's lower back showed only "minimal arthritic changes which are probably consistent for his age and nothing else." (AR 557.)

As for Plaintiff's neck, Dr. Gurvey testified that "physical examination[s] are almost all normal," with an MRI in November 1995 showing "some mild degenerative changes." (AR 558, referring to AR 219.) With respect to Plaintiff's left shoulder, Dr. Gurvey testified that one x-ray taken on January 16, 1998, was normal, while a second, dated July 19, 2002, "show[ed] some arthritic changes at the AC

---

[1] Plaintiff's argument implies that the only reason given by the ALJ to reject Dr. Serna's assessment is that there were no objective findings to support it. (*See* Joint Stipulation at 5.) As noted above, however, the ALJ relied primarily on Dr. Gurvey's testimony, which was based on independent clinical findings that differed from those of Dr. Serna. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)(holding that ALJ could properly disregard treating physician's opinion that was contradicted by other medical opinions in favor of nontreating source opinion based on independent clinical findings).

joint." (AR 558, referring to AR 263, 410.) Additionally, Dr. Gurvey cited the findings of neurologist Dr. Kristof Siciarz, who examined Plaintiff on October 11, 2001, and found no back tenderness or spasm, (AR 366), which would be expected in a patient with a sprained or strained ligament. (AR 564.) Dr. Gurvey also cited the findings of Dr. Edward Mosley, who evaluated Plaintiff on November 11, 1997 and found no back tenderness or muscle spasms, normal range of motion in the neck, shoulders, and extremities, and a normal gait.[2] (AR 565, referring to AR 233-37.) Whereas Dr. Serna appeared to base his functional assessment on a 1995 MRI that showed mild arthritis, a 1996 orthopedic evaluation revealing "suspect[ed]" acromio-clavicular arthritis, (AR 223), and the results of a physical examination that revealed shoulder tenderness, (AR 225), Dr. Gurvey flatly disagreed with these findings and conclusions. He based his opinion on other objective findings in the medical record, including the independent clinical findings of Drs. Siciarz and Mosley, neither of whom found tenderness or other abnormalities.

Dr. Gurvey concluded that the functional capacity restrictions found by Dr. Serna were not consistent with the medical record and that Plaintiff should be restricted, only as a prophylactic measure, to occasionally lifting 50 pounds and frequently lifting 25 pounds, sitting, standing, or walking six hours in an eight-hour workday, and only occasionally crawling and climbing ladders and scaffolds. (AR

---

[2] Notably, Dr. Mosley stated that there were "no objective findings on which to base restriction of" Plaintiff's physical activities. (AR 237.) Dr. Siciarz stated that, because Plaintiff was not fully cooperative during the examination, "I cannot assess his functional capacity. Based on objective findings there are no limitations." (AR 367-68.)

557, 560-61.) The ALJ adopted Dr. Gurvey's functional assessment, noting that it was supported by Dr. Mosley's findings and by those of the state agency reviewers. (AR 27-28.)

Based on this review, the Court concludes that the ALJ's rejection of Dr. Serna's functional assessment was supported by substantial evidence in the record. Dr. Serna's opinion was plainly contradicted by the findings of other physicians, including Dr. Gurvey who opined, based on the medical record, that Plaintiff would not be as functionally limited as Dr. Serna found. "Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it." *Morgan v. Comm'r of Soc. Security Admin.*, 169 F.3d 595, 600-01 (9th Cir. 1999)("The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings")(quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). Because it was "solely the province of the ALJ to resolve the conflict" in medical opinions, *see Andrews*, 53 F.3d at 1041, this claim does not warrant remand.

In his second claim of error, Plaintiff argues that the ALJ failed to properly evaluate the opinion of examining psychiatrist Dr. Barry Edelman. (Joint Stipulation at 9-10.) For the reasons set forth below, the Court agrees.

The ALJ must provide "clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). This Court may only affirm an ALJ's decision for the reasons articulated by her in her decision. *See, e.g., Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

On October 8, 2001, Dr. Edelman diagnosed Plaintiff with a depressive disorder, not otherwise specified, and opined that Plaintiff would be able to understand, remember and follow simple instructions, but would have difficulty with complex instructions; would be able to maintain concentration for simple work and an adequate pace in performing that work; and would be able to interact sufficiently with peers and supervisors, but would have moderate difficulty interacting with the public. (AR 360.) In a check-the-box form attached to his written evaluation, Dr. Edelman also indicated that Plaintiff would be moderately restricted in responding appropriately to changes in a routine work setting. (AR 363.)

In her decision, the ALJ found that Plaintiff would be limited to "simple, repetitive work not requiring public contact" and that "[t]here is no basis for a more limited mental functional capacity." (AR 29.) Plaintiff contends that the ALJ's failure to address Dr. Edelman's assessment that he suffers from moderate limitations in his ability to respond appropriately to changes in a routine work setting requires that the Agency's decision be reversed. For the following reasons, the Court agrees.

As Plaintiff urges and the Agency concedes, the ALJ overlooked Dr. Edelman's restriction on Plaintiff's ability to respond to changes at work. Though the Agency sets forth reasonable and rational reasons why this part of Dr. Edelman's opinion should be rejected, none of these reasons was championed by the ALJ and only her reasons, or, in this case, lack of reasons, control. *See Connett*, 340 F.3d at 874. Because the ALJ provided no reasons for rejecting this limitation, the case must be remanded so that she can address it.

Plaintiff asks the Court to go a step further and order payment of benefits. The Court recognizes it has the discretion to remand for the payment of benefits but concludes that this case is not appropriate for such relief. Though this case has a lengthy and circuitous history, it is not the result of lack of trying on the Agency's part. Further, the Court is not convinced that Plaintiff has established that he is clearly entitled to benefits. There are still issues that must be addressed before the ultimate issue of disability can be resolved. For this reason, Plaintiff's request that the case be reversed and remanded with instructions that the Agency award benefits is denied.

For the reasons set forth above, the ALJ's decision is reversed and the case is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED: April 29, 2008.

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\LOPEZ, G 8165\Memo_Opinion.wpd